**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P:(410) 962-4953 — F:(410) 962-2985

November 3, 2025

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE:   *Dorey v. Bisignano,[1] Acting Commissioner, Social Security Administration*
      Civil No. 1:20-cv-3049-JMC

Dear Counsel:

Jonathan B. Dennis, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act (the "Act"), 42 U.S.C. § 406(b), resulting from his representation of Plaintiff before the Court. (ECF Nos. 23, 29, 34). Defendant does not oppose or support Mr. Dennis's motion but asks this Court to consider whether the request is reasonable. (ECF No. 34). The Court finds that no hearing is necessary pursuant to Loc. R. 105.6 (D. Md. 2025). For the reasons that follow, Mr. Dennis's motion for attorney's fees is GRANTED in part and DENIED in part.

On November 28, 2023, Mr. Dennis filed a Motion for Attorney Fees (ECF No. 23), which the Court stayed "until Plaintiff receives a Notice of Award from the Social Security Administration detailing any past-due benefits which Plaintiff may be entitled to." (ECF No. 28). Specifically, Mr. Dennis seeks an award of $27,329.00 for 10.25 hours worked. (ECF Nos. 29, 29-3). On October 20, 2025, Plaintiff Dorey subsequently received an award notice, in which he was awarded $109,316.00 in past due benefits. (ECF No. 29-1 at 4).[2] On October 23, 2025, Mr. Dennis filed a Motion for Attorney's Fees specifying that his Motion filed in 2023 seeks $27,329.00, which is 25% of Plaintiff's past due benefits. (ECF No. 29 at 2). As the Plaintiff did not receive his Notice of Award until October 20, 2023, Mr. Dennis has not received any EAJA fees. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable

---
[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Frank Bisignano should be substituted as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] When the Court cites to a particular page number or range, the Court is referring to the page numbers located in the electronic filing stamps provided at the top of each electronically filed document.

results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id*. at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id*. (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Dennis and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Dennis twenty-five percent of all retroactive benefits to which he might become entitled. (ECF No. 29-2). In his motion for attorney's fees, Mr. Dennis submitted itemized reports documenting 10.25 chargeable hours he expended before this Court in Plaintiff's case. (ECF No. 29-3). If Mr. Dennis receives the full amount of fees he requests, his fee for representation before this Court will effectively total $2,666.24 per hour. Mr. Dennis must therefore show that an effective rate of $2,666.24 per hour is reasonable for the services he rendered.

Notably, Mr. Dennis's typical hourly billing rate is $250.00, which is within the range that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[3] After filing summary judgment memoranda, the parties consented to the remand of this case for further proceedings. (ECF No. 20). Nothing in the record suggests that this case was uniquely complicated, nor does review of Counsel's chargeable hourly work log suggest that this case was uniquely demanding. (ECF No. 29-3). Indeed, Plaintiff was only billed for a total of 6.00 hours of attorney time. *Id.*

As such, the requested fee is greater than seven times the amount of the presumptively reasonable hourly charge. Though it is customary for courts to approve significantly higher rates in Social Security appeals, "[h]ourly rates exceeding $1,000 are the exception, not the rule." *Willie B. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-2973, 2023 WL 3950112, at *2 (D. Md. June 12, 2023) (finding that an effective rate of $1,231.78 per hour was unreasonable); *see also Trenton A. v. Comm'r, Soc. Sec. Admin.*, No. JMC-19-1568, 2022 WL 7099730, at *2 (D. Md. Jan. 27, 2022) (recognizing that courts routinely grant awards greater than the presumptively reasonable hourly rate).

While the Court recognizes Mr. Dennis's effective performance and the substantial past-due benefit awarded to his client, Mr. Dennis's request of $27,329.00, for 10.25 of combined attorney and paralegal time would result in a windfall. *See Everlena G. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-00784, 2023 WL 424427, at *1 (D. Md. Jan. 26, 2023) (finding an effective rate of $1,284.65 "would result in a windfall"); (finding the same for $1,687.66 per hour); *Larry D. v. Comm'r, Soc. Sec. Admin.*, No. SAG-19-70, 2023 WL 3689571, at *2 (D. Md. May 26, 2023); *Wendy M. v. Comm'r, Soc. Sec. Admin.*, No. SAG-20-3376, 2023 WL 362810, at *1 (D. Md. Jan. 23, 2023) (finding same for $1,375.19 per hour).

---

[3] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App. B (D. Md. 2025). Currently, Mr. Dennis has over ten years of experience and the presumptively reasonable hourly rate for attorneys admitted to the bar for more nine (9) to fourteen (14) years is between $225.00 and $350.00. Loc. R. App. B (D. Md. 2025).

Instead, I find that an award of $15,375.00 which is over three times the top hourly rate for an attorney of Mr. Dennis's experience level, reasonably compensates him for the time he spent on Plaintiff's case.  *See e.g.*, *Hunter v. Comm'r, Soc. Sec. Admin.,* No. SAG-15-3758, 2017 U.S. Dist. LEXIS 221544 (D. Md. Nov. 16, 2017) (approving contingency fee agreement with hourly rate of $1,140.41, which was "slightly more than triple the top hourly rate" for an attorney with eleven years of experience).

Accordingly, the Court GRANTS in part and DENIES in part Mr. Dennis's motion seeking attorney's fees (ECF Nos. 23, 29).  This Court will award Mr. Dennis attorney's fees totaling $15,375.00 constituting reasonable fees for the work conducted on Plaintiff's case.

Despite the informal nature of this letter, it should be flagged as an Opinion and Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____
J. Mark Coulson
United States Magistrate Judge